WEIMER, Justice, concurring in part and dissenting in part.
I concur in the result related to the liability of Tauren Exploration, Inc. I agree that the finding of liability is limited to the facts of this case. As such, I find that the discussion regarding the indivisibility of the release of the lease is unnecessary.
I dissent regarding the amount awarded in attorney fees, finding the amount awarded excessive.
GENOVESE, Justice, dissents in part.
I dissent in part with respect to this Court's interpretation of La. Mineral Code art. 140's provision of damages. In all other aspects, I fully agree with the majority's opinion.
With respect to the issue of damages provided in this case, La. Mineral Code art. 140 provides that "[i]f the lessee fails to pay royalties due..., the court may award as damages double the amount of royalties due...." While this article does not expressly provide for "treble damages," it does provide that a court, in its discretion, may award as damages double the amount of unpaid royalties, in addition to the actual royalties due. This article's use of the word "may" indicates a discretionary award. Under the majority's interpretation, the award of the actual royalties due is necessarily part of the court's discretionary award. This interpretation leads to absurd results.
A clear reading of La. Mineral Code art. 140 recognizes and acknowledges two awards under the umbrella of damages for nonpayment of royalties: 1) an award for the amount of royalties due; and 2) a discretionary award of a penalty of double the amount of royalties due. The majority interprets La. Mineral Code art. 140 as authority to award only "up to" double the amount of royalties due. Following this logic, the penalty award of damages includes the royalties award. Thus, Gloria's Ranch would only get the penalty portion of the damage award and not the royalties and the penalty. The statute does not say "up to;" it says "the court may award as damages double the amount of royalties due...." Nowhere in the statute does it state that royalties are subsumed or included in any damage award.
Consequently, in my view, under La. Mineral Code art. 140, Gloria's Ranch is entitled to the royalties due and owing as part of its damage award, and it is also entitled to a penalty double the amount of said royalties for nonpayment of the same. The trial court's award did not constitute double damages. Rather, Gloria's Ranch was rightfully awarded its royalties due, plus the trial court's discretionary penalty award of double damages.
The interpretation that La. Mineral Code art. 140 allows for double damages in addition to the payment of the royalties due is also supported by the language of the preceding article, which applies in cases where royalties due are paid late, after the lessee's receipt of the required notice from the lessor. This article, entitled "Effect of payment in response to notice," states:
If the lessee pays the royalties due in response to the required notice, the *448 remedy of dissolution shall be unavailable unless it be found that the original failure to pay was fraudulent. The court may award as damages double the amount of royalties due , interest on that sum from the date due, and a reasonable attorney's fee, provided the original failure to pay royalties was either fraudulent or willful and without reasonable grounds. In all other cases, such as mere oversight or neglect, damages shall be limited to interest on the royalties computed from the date due, and a reasonable attorney's fee....
La. R.S. 31:139 (emphasis added).
This article, which uses the exact same language presently at issue in La. Mineral Code art. 140, is discussing a discretionary award of additional damages where the royalties in question have already be paid in response to a notice provided by the lessee . It would be nonsensical for damages to be greater in a case where the royalties were paid late than in a case falling under La. Mineral Code art. 140, where they have not been paid at all . As the Court of Appeal explained:
Under [La. Mineral Code] Article 139, when a lessee pays the royalties due after receiving notice of nonpayment from the lessor, the trial court "may award as damages double the amount of royalties due," if the original failure to pay was either fraudulent or willful and without reasonable grounds. Thus, the phrase "damages double the amount of royalties due" in Article 139 strictly pertains to punitive damages and excludes the actual royalties due. In keeping with the spirit of Article 139, we find the legislature enacted Article 140 to provide the trial court with the option of awarding punitive damages totaling up to double the amount of royalties due for the lessee's failure to pay the royalties. As a result, the trial court was within its discretion in awarding Gloria's Ranch $242,029.26 in unpaid royalties, plus an additional $484,058.52 in punitive damages for the defendants' failure to pay the royalties.
Gloria's Ranch, L.L.C. v. Tauren Expl., Inc. , 51,077 (La. App. 2 Cir. 6/2/17), 223 So.3d 1202, 1216.
The majority relies on the "generally accepted definition of damages as compensation for the loss sustained" for its interpretation that the royalties due are part of the damages contemplated by La. Mineral Code art. 140. Opinion at 444-45. However, as noted above, this interpretation does not square with the language of the preceding article. In my opinion, both articles clearly provide for an additional damage award above the royalties due. Thus, I would affirm the lower courts' damage award.